UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

**FILED**

FEB 17 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

|  |  |  |
|---|---|---|
| GEORGE RAYMOND GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-275-D |
| | ) | |
| JOHN DOE, Operator of | ) | |
| Lumenote.com, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

Plaintiff George Raymond Griffin alleges as follows:

I. INTRODUCTION

1. This action arises from a fraudulent cryptocurrency scheme conducted through the website
   Lumenote.com.

2. The operator of Lumenote.com remains unidentified and is therefore named herein as "John
   Doe."

3. Plaintiff seeks damages for fraud and related claims and requests limited expedited discovery
   to identify Defendant.

II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

5. Plaintiff is a resident of Edmond, Oklahoma.

6. Defendant's identity and citizenship are unknown but, upon information and belief, Defendant is not a citizen of Oklahoma.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in this District and the financial injury occurred here.

III. PARTIES

9. Plaintiff George Raymond Griffin is a resident of Edmond, Oklahoma.

10. Defendant John Doe is the unknown individual or entity operating Lumenote.com and controlling the cryptocurrency wallet addresses that received Plaintiff's funds.

IV. FACTUAL ALLEGATIONS

11. In September 2025, Plaintiff was contacted by an individual using the name "Carrie Tan," who represented that she was generating substantial profits through cryptocurrency trading.

12. "Carrie Tan" represented that she used a platform known as Lumenote.com to conduct trading activity.

13. Plaintiff was encouraged to open and fund an account on Lumenote.com in order to replicate the trading strategy described.

14. Lumenote.com presented itself as a cryptocurrency trading platform offering trading pairs including WLD and USDT.

15. During trading activity, the platform displayed candlestick charts and rapidly updating percentage gain figures.

16. The platform displayed realized gains and increasing account balances following trades.

17. Plaintiff was led to believe that his funds were being actively traded and that he retained ownership and control over the account balance shown.

18. Between October 16 and October 31, 2025, Plaintiff transferred cryptocurrency totaling approximately $232,481.29 in USDC to wallet addresses provided through Lumenote.com.

19. Plaintiff possesses blockchain transaction records confirming the transfers.

20. One such transfer in the amount of approximately 177,471.29 USDC originated from Plaintiff's Crypto.com account.

21. Public blockchain records show that funds received by the destination wallet were subsequently transferred to a Binance deposit address.

22. The Binance deposit address then transferred funds to Binance hot wallets identified on Etherscan as "Binance: Hot Wallet 34" and "Binance 14."

23. When Plaintiff attempted to withdraw cryptocurrency from Lumenote.com, he entered wallet transfer information through the website interface and submitted withdrawal requests.

24. Each withdrawal request was assigned a status labeled "To Be Reviewed."

25. After approximately one day, each withdrawal request was marked "Failed."

26. No explanation, compliance issue, rule violation, or technical reason was provided.

27. Plaintiff was unable to withdraw any funds.

28. Upon information and belief, Lumenote.com was operated as part of a coordinated scheme to induce victims to transfer cryptocurrency through deceptive trading simulations and restricted withdrawal mechanisms.

29. The domain Lumenote.com is registered through NameSilo, LLC using privacy protection services that conceal the operator's identity.

30. Plaintiff has no means of identifying Defendant without third-party discovery.

## V. CLAIMS FOR RELIEF

### COUNT I – FRAUD

31. Plaintiff incorporates the preceding paragraphs.

32. Defendant engaged in a scheme to defraud Plaintiff by inducing him to transfer cryptocurrency through deceptive representations and simulated trading activity.

33. Defendant intended Plaintiff to rely on those representations.

34. Plaintiff reasonably relied on the representations and transferred cryptocurrency.

35. As a direct result, Plaintiff suffered damages in the amount of approximately $232,481.29.

### COUNT II – CONVERSION

36. Plaintiff incorporates the preceding paragraphs.

37. Plaintiff transferred cryptocurrency to Defendant for legitimate trading purposes.

38. Defendant wrongfully exercised dominion and control over Plaintiff's funds.

39. Defendant has refused to return Plaintiff's property.

### COUNT III – UNJUST ENRICHMENT

40. Plaintiff incorporates the preceding paragraphs.

41. Defendant received funds belonging to Plaintiff.

42. Retention of those funds would be unjust.

## VI. DAMAGES

43. Plaintiff has suffered damages of at least $232,481.29.

44. Plaintiff seeks interest, costs of suit, and such further relief as the Court deems just and proper.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Judgment against Defendant for compensatory damages;

B. Costs of this action;

C. Pre- and post-judgment interest;

D. Such other relief as the Court deems appropriate.

Respectfully submitted,


_____ 2/17/2026

George R. Griffin

1709 Ryan Way

Edmond, Oklahoma 73003

Telephone: 405-639-9452

Email: geogriffix@gmail.com

Pro Se Plaintiff